## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Olga Pacheco, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Atlantic Recovery Solutions, LLC, | ) | **COMPLAINT** |
| and | ) | **WITH JURY TRIAL DEMAND** |
| Zachariah Aga, Individually | ) | |
| | ) | |
| Defendant. | | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.    Plaintiff, Olga Pacheco, is a resident of Hall County, Georgia.

2.    Defendant, Atlantic Recovery Solutions, LLC, (hereinafter ARS) is a limited liability corporation organized under the laws of the State of New York and

1

can be served through its registered agent, Registered Agents, Inc., at 300 Colonial Center Parkway, Suite 100N, Roswell, GA 30076.

3.     Zachariah Aga (hereinafter "Aga") is, upon information and belief, the President of ARS and can be served at its corporate headquarters 33 Dodge Road, Suite 108, Getzville, New York 14068-1540

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.     Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains its Registered Agent in Fulton County, Georgia which is in the Atlanta Division.

2

## **FACTUAL ALLEGATIONS**

8.     Plaintiff is allegedly obligated to pay a consumer debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.     ARS is a collection agency specializing in the collection of consumer debt.

10.     Aga has specialized training in the collection of delinquent consumer accounts and the tenets of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq.

11.     Aga takes an active role in training and overseeing the conduct of collection agents in the employ of ARS.

12.     ARS touts on its website its experience in collecting on consumer debt, writing:

 "Atlantic Recovery Solutions, LLC, is a nationally licensed, insured, bonded debt recovery agency...We have experience collecting on credit cards, medical bills, car loans, personal loans, student loans, and unpaid bills such as utility and phone bills." See, atlanticrecoverysolutions.com. (Last visited October 21, 2019.)

13.     ARS manages and collects upon thousands of consumer debt accounts annually.

14.     Defendants use interstate commerce and/or mail in its business. The

3

principal purpose of Defendants' business is the collection of consumer debts acquired from third parties.

15.    Defendants are, therefore, "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

16.    Aga takes an active role in training and overseeing the conduct of collection agents in the employ of ARS.

17.    As part of their collection techniques, Defendants employ an automated messaging system that leaves a voicemail on the phones of consumers under collection.

18.    On or about October 15, 2019, Plaintiff received an automated voice mail delivered to her cell phone from the Defendants.  A transcript of this message follows,

*"This message is solely intended for Olga Pacheco.  We have been attempting to reach you in regards to a legally required notice placed in our office for you. Please contact us back at your earliest convenience, 855-319-2711."*

15.    The Plaintiff attempted to return the call and reached the offices of the Defendants. She subsequently researched the ARS and learned that it is a collection agency.

16.    The Defendants did not have permission to place the automated call to

the Plaintiff's cell phone.

17.     Defendants did not identify the creditor nor the amount of the debt under collection in their first communication to Plaintiff.

18.     To date, the Plaintiff has not received written verification or a validation notice related to the debt under collection.

19.     Upon receiving this message, Plaintiff concluded that she was the subject of legal process, either a suit or perhaps a garnishment action.

19.     This caused her a great deal of apprehension and anxiety sufficient to interfere with her activities of daily living and distract her from the performance of her customary work duties.

20.     Upon information and belief, Defendant Aga personally oversaw the development and implementation of this unlawful collection tool.

## **INJURIES-IN-FACT**

21.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc*., No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

22.   An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

23.   Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

24.   Defendants are subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

25.   Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

26.   As a result of the Defendants' actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a. Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b. Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendants' collection efforts; and,

c. Anxiety and worry caused by concern that she is being called upon to pay an improper claim

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et. seq.

27.    Plaintiff incorporates by reference paragraphs 1 through 26 as though fully stated herein.

### *Violations of 15 U.SC. § 1692e and its subparts*

28.    15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

29.    The use of "or" in § 1692e means a representation violates the FDCPA if it is false *or* deceptive *or* misleading.  *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

30.    A false representation in connection with the collection of a debt is

sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive. *Id.*

31.   The automated message left by Defendants was designed to lead Plaintiff to believe that she may be or had been sued over a debt.  Moreover, Defendants gave the Plaintiff the impression that Defendants, as opposed to the holder of the debt, would be in control of any such litigation.

32.   No "legally required notice" was placed in Defendants' offices for the Plaintiff. It was an objectively false and misleading statement intentionally created by the Defendants to frighten and intimidate the Plaintiff.

33.   These false representations and statements were made in furtherance of Defendants' efforts to collect a consumer debt and were intended to give the Plaintiff a false sense of urgency.

34.   Defendants' representations violated 15 U.S.C. § 1692e, e(2)(A), and e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

35.   The conduct of the Defendants as described herein was unfair and unconscionable. It preyed upon perceived fears and lack of sophistication of the Plaintiff.

8

36.     It violated other provisions of the Act to facilitate with the goal of frightening and intimidating the Plaintiff.

37.     Defendants' conduct violated 15 U.S.C. § 1692f.

***Violations of 15 U.SC. § 1692g***

38.     Where the initial communication with the a consumer regarding the collection of a debt does not contain the information, a collector must, within five days after the initial communication, send the consumer a written notice containing…

a)      the amount of the debt;

b)      the name of the creditor to whom the debt is owed;

c)      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and

d)      a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

e)      a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

39.    Defendants initial communication failed to comply with any of the requirements of 15 U.S.C. § 1692g nor did Defendants provide the required notices within 5 days of the initial contact as described herein.

40.    As a result of Defendants' violations of the FDCPA, Defendants are liable to Plaintiff, jointly and severally, for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, *et seq*.

41.    Plaintiff incorporates by reference paragraphs 1 through 40 as though fully stated herein.

42.    O.C.G.A. § 10-1-390 *et seq* is commonly known as the "Georgia Fair Business Practices Act of 1975" (the "GFBPA").

10

43. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

44. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

45. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

46. Defendants intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

47. Defendants' conduct has implications for the consuming public in general.

48. Defendants' conduct negatively impacts the consumer marketplace.

49. Upon information and belief, Defendants do not maintain a place of business in Georgia and have no assets in Georgia, thus relieving Plaintiff of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

50. As a result of Defendants' violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

51.   As a result of Defendants' intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

52.   As a result of Defendants' intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

53.   Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

54.   Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. §§ 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

12

Respectfully submitted this 28th day of October, 2019.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Paul J. Sieg
Georgia Bar No.: 334182
*psieg@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorneys*